# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW POPLIN AND DEBORAH POPLIN, INDIVIDUALLY AND AS HUSBAND AND WIFE, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CIVIL ACTION FILE NUMBER: 1:09-CV-0117 |
| CSX TRANSPORTATION, INC., PROFESSIONAL TRANSPORTATION, INC., BRIAN HANEY, AND KEVIN R. LYNN, | * * * * * | |
| Defendants. | * | |

**DEFENDANT CSX TRANSPORTATION, INC.'S INITIAL DISCLOSURES**

Pursuant to Fed.R.Civ.P. 26(a)(1) and L.R. 26.1, N.D.Ga., Defendant CSX Transportation, Inc. ("CSXT") makes the following initial disclosures.

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE:** Not applicable.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant**

**contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:** None.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:**

At the time of the accident subject of this case, Plaintiff was employed by Defendant CSX Transportation, Inc. ("CSXT"). CSXT contracted with Defendant Professional Transportation, Inc. ("PTI") to transport Plaintiff and other CSXT employees to various locations. On February 15, 2007, Plaintiff and others were being transported as a passengers in a PTI van operated by PTI employee Defendant Brian Haney ("Haney"). Plaintiff Andrew Poplin was being transported as part of his employment with CSXT. The PTI van transporting Plaintiff Andrew Poplin stopped for a stop sign located at the Georgia 3 Highway Entrance Ramp in Bartow County, Georgia. While stopped at the stop sign, the PTI van was struck from behind by a Ford Taurus driven by Defendant Kevin Lynn ("Lynn").

CSXT denies that it was negligent in any manner contributing to the Plaintiffs' alleged injuries. CSXT exercised reasonable care and provided Plaintiff Andrew Poplin with a reasonably safe place to work. The collision, which allegedly caused

Plaintiff Andrew Poplin to suffer an injury, was caused by and resulted from the sole negligence per se and negligence of Defendant Kevin Lynn. To the extent the injuries to Plaintiff Andrew Poplin are found to have been caused by the negligence of CSXT or the combined negligence of CSXT and Lynn, CSXT is entitled to indemnity or contribution from Kevin Lynn.

In addition to its crossclaim against Lynn, CSXT seeks reimbursement of sums advanced to Plaintiff as a lien on any recovery of the Plaintiff. Pursuant to the Advance Agreement(s) between Plaintiff and CSXT, CSXT has advanced Plaintiff a total of $51,051.00 pending disposition of the Plaintiff's personal injury claim. Plaintiff has agreed that all sums advanced by CXST shall constitute a lien against any recovery of the Plaintiff in the above captioned action.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:**

CSXT relies upon the following:

1. Rules of the Road for the State of Georgia (OCGA §40-6-1 et seq.);
2. Federal Employers' Liability Act (45 U.S.C. §51 et seq.);
3. General principles of indemnity and contribution.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE:** See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE:**

None at this time. Should CSXT decide that evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence is needed, this response will be amended before the close of discovery.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE:** See Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**RESPONSE:**

To the extent the injuries to Plaintiff Andrew Poplin are found to have been caused by the combined negligence of CSXT and/or Lynn, CSXT is entitled to indemnity or contribution from Kevin Lynn. The figure for these damages will be determined by the jury.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**RESPONSE:**
Kevin R. Lynn

94 Peeples Valley Rd NE
Cartersville, GA 30121-5101
Phone number unavailable

The PTI van in which Plaintiff Andrew Poplin was a passenger was struck from behind by a vehicle driven by Defendant Kevin Lynn ("Lynn"). Lynn was cited for following too closely in violation of O.C.G.A. § 40-6-49 and plead guilty to the citation. The collision, which allegedly caused Plaintiff Andrew Poplin to suffer an injury, was caused by and resulted from the sole negligence per se and negligence of Defendant Kevin Lynn.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**RESPONSE:** Not applicable to CSXT.

Respectfully submitted this 15TH day of April, 2009.

                                              **CASEY GILSON P.C.**

                                              /s/ James E. Gilson
                                              **JAMES E. GILSON**
                                              Georgia State Bar No. 001150
                                              **MARKEE L. SQUIRE**
                                              Georgia State Bar No. 773335

|  |  |
|---|---|
| Six Concourse Parkway | Attorneys for Defendant |
|  | CSX Transportation, Inc. |
| Suite 2200 |  |
| Atlanta, GA  30328 |  |
| Telephone:  770.512.0300 |  |
| Facsimile:  770.512.0070 |  |

## CERTIFICATE OF FONT

The foregoing **DEFENDANTS' INITIAL DISCLOSURES** were prepared in compliance with L.R. 5.1(C) using 14 point Times New Roman font.

## ATTACHMENT A

## LIST OF WITNESSES

Andrew J. Poplin
718 Rocky Springs Rd
Madisonville, TN 37354-6622
(423) 519-9898

Plaintiff Andrew Poplin will have knowledge regarding the circumstances surrounding the February 15, 2007 incident, his alleged injuries, damages, and medical treatment.

Deborah L. Poplin
718 Rocky Springs Rd
Madisonville, TN 37354-6622
(423) 545-9356

Plaintiff Deborah Poplin will have knowledge regarding Andrew poplin's medical condition before and after the February 15, 2007 incident.  Plaintiff Deborah Poplin will also have information on how the incident has affected her life.

Bobby Vincent
3700 Morgan Avenue
Evansville, IN 47715
1-800-471-2440 ext. 4824

Mr. Vincent is the director of safety for Professional Transportation, Inc. and he may have knowledge of the incident and the investigation of the incident.

Brian Nicholas Haney
103 Ingleside Ave
Englewood, TN 37329-3194
Phone number unavailable

Mr. Haney will have knowledge regarding the circumstances surrounding the February 15, 2007 incident.

Kevin R. Lynn
94 Peeples Valley Rd NE
Cartersville, GA 30121-5101
Phone number unavailable

Mr. Lynn will have knowledge regarding the circumstances surrounding the February 15, 2007 incident.

Keith Moses
P.O. box 86
Englewood, TN 37329
Phone number unavailable

Mr. Moses was a passenger with Plaintiff Andrew Poplin and may have knowledge regarding the circumstances surrounding the February 15, 2007 incident.

Chris M. Robinson
201A County Rd 334
Niota, TN 37826-2812
Phone number unavailable

Mr. Robinson was a passenger with Plaintiff Andrew Poplin and may have knowledge regarding the circumstances surrounding the February 15, 2007 incident.

Mike Ratcliff
898 busted Rock Road
Old Fort, TN 37362
Phone number unavailable

Mr. Ratcliff was a passenger with Plaintiff Andrew Poplin and may have knowledge regarding the circumstances surrounding the February 15, 2007 incident.

All Medical providers identified in Plaintiffs' Initial Disclosures.

The following list of CSX employees may have some knowledge of facts as a result of their investigations into this incident after it occurred:

Larry McKenzie (Trainmaster)
David Harris (Trainmaster)
John Belew (Road Foreman)
Joe Tatum (Road Foreman)
Angie Averitte (CSX Manager of Safety)
Marty Foskey (Manager of Field Investigations)


The following PTI employees may have some knowledge of facts as a result of their investigations into this incident after it occurred.

Earl Witten (PTI Regional Manger)
Michael Mills (PTI FSO)

# ATTACHMENT C

# DOCUMENT LIST

At the present time, Defendant is aware of the following documents or tangible things that may be relevant in this case:

1. Medical records concerning Plaintiff, including records from:

    Christopher Paul Ashley, MD
    Dr. William K. Bell
    Maryville Orthopaedic Clinic

    Nathan C. Trentham, MD
    Internal Medicine Associates

    William S. Reid, Jr., MD
    UT Medical Center
    Neurological Surgery

    Rodney Dunham, MD
    Athens Walk In Clinic

    Southeastern Orthopaedics

    St. Mary's Pain Management Center

    David Snow, PC

    Sharleen Foster

2. CSXT personnel file maintained on Plaintiff.

3. CSXT medical file maintained on Plaintiff.

4. Plaintiff's payroll history.

5. CSXT Personal Injury Report.

6. Georgia Uniform Traffic Citation dated February 15, 2007.

7. Written statement of Michael Ratcliff.

8. Written statement of Chris Robinson.

9. Written statement of Keith Moses.

10. Written statement of Plaintiff Andrew Poplin.

11. Photographs of accident scene and vehicles involved in subject incident taken February 15, 2007.

12. Employee's Incident Report dated 2/21/07.

13. Personal Injury/Occupational Illness Report dated 2/15/07.

14. Advance Agreements and Receipts.

15. All documents identified by Plaintiff in response to the Mandatory Disclosures and CSXT's discovery requests.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW POPLIN AND DEBORAH POPLIN, INDIVIDUALLY AND AS HUSBAND AND WIFE, | * * * * | |
| Plaintiffs, | * * | CIVIL ACTION |
| v. | * * | FILE NUMBER: 1:09-CV-0117 |
| CSX TRANSPORTATION, INC., PROFESSIONAL TRANSPORTATION, INC., BRIAN HANEY, AND KEVIN R. LYNN, | * * * * * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this CSX TRANSPORTATION, INC.'S INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification and access to an electronic copy of such filing to the following:

Derek J. White, Esq.
The White Law Group
P.O. Box 787
Pooler, GA  31322

Fred M. Valz, III, Esq.
Francis E. Carter, Esq.
Carlock, Copeland & Stair, LLP
285 Peachtree Center Avenue
Atlanta, Georgia 30303

and served a copy via United States First Class mail to the following:

William G. Jungbauer, Esq.
Yaeger, Jungbauer & Barczak PLC
745 Kasota Avenue
Minneapolis, M N  55414

Thomas Harper, Esq.
Harper Waldon & Craig
900 Circle 75 Parkway
Suite 1040
Atlanta, GA  30339

This 15TH day of April 2009.

                                  **CASEY GILSON P.C.**

                                  <u>James E. Gilson</u>
                                **JAMES E. GILSON**
                                Georgia State Bar No. 001150
                                Attorney for Defendant
                                CSX Transportation, Inc.

Six Concourse Parkway, Suite 2200
Atlanta, Georgia  30328
(770) 512-0300
(770) 512-0070 -- fax

443217-1